UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN A. KNOX, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>GLA COLLECTION COMPANY, INC.,<br><br>     Defendant. | Case No.1:21-cv-00885 |

### CLASS ACTION COMPLAINT

**NOW COMES**, JOHN A. KNOX ("Plaintiff"), individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of GLA COLLECTION COMPANY, INC., as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. JOHN A. KNOX ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal district.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. GLA COLLECTION COMPANY, INC. ("Defendant") is a corporation organized and existing under the laws of Kentucky. Defendant maintains its principal place of business in Louisville, Kentucky.

10. Defendant is a prominent debt collection agency that collects debts owed to third parties.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4844.

14. At all times relevant, Plaintiff's number ending in 4844 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. A few years ago, Plaintiff received medical services at a local hospital.

17. Due to financial hardship, Plaintiff was unable to pay for the medical services ("subject debt").

18. At some point in time, the subject debt was placed with Defendant for collection.

19. In late 2018, Plaintiff started receiving collection calls from Defendant in an attempt to collect the subject debt.

20. On multiple occasions, Plaintiff answered Defendant's collection calls.

21. Plaintiff and Defendant's representatives had numerous discussions about repayment of the subject debt.

22. During the conversations, Plaintiff informed Defendant that he cannot afford to make payments on the subject debt.

23. Despite knowing that Plaintiff cannot afford to pay the subject debt, Defendant continued its aggressive collection efforts.

24. In the summer of 2019, frustrated with Defendant's relentless collection calls, Plaintiff answered a call and requested that Defendant cease its collection calls.

25. Despite Plaintiff's request that the harassing collection calls cease, Defendant continued placing collection calls to Plaintiff's cellular phone.

26. In an attempt to further harass Plaintiff, Defendant started placing calls to Plaintiff's cellular phone using prerecorded messages.

27. The prerecorded messages stated as follows:

> This message is for John Knox. If you are not John Knox please hang up. Since you have not hung up, you must be John Knox. This is GLA Collection Company representing IU Health Home Care and this communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return our call at (502) 261-1018 to discuss this personal business matter."

28. From the summer of 2019 through the present, Defendant placed no less than 50 prerecorded collection calls to Plaintiff's cellular phone.

## DAMAGES

29. Plaintiff has never provided his cellular phone number to Defendant or otherwise consented to receiving calls from Defendant.

30. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unsolicited robocalls, unnecessary frustration, emotional distress, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

31. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

32. Due to Defendant's refusal to cease its harassing conduct, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

33. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

35. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.      Numerosity**

36. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

37. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

38. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

39. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

40. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

41. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

42. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

43. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

44. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

45. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

46. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

47. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

48. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

49. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class)

50. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than fifty (50) non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

52. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

53. As pled above, Plaintiff never provided his cellular phone number to Defendant or otherwise consented to Defendant's calls.

54. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

55. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

56. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further violating calls to consumers;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f. an award of such other relief as this Court deems just and proper.

## COUNT II:
**Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**
**(Plaintiff individually)**

57. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of FDCPA § 1692c

58. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

59. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

60. Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

61. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

62. Defendant violated § 1692c(a)(1) by placing at least 50 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

**b. Violations of FDCPA § 1692d**

63. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

64. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

65. Defendant violated §§ 1692d and d(5) by placing at least 50 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after Plaintiff requested that the calls cease.

66. Moreover, Defendant's use of prerecorded messages was especially harassing in light of the fact that Plaintiff was unable to speak to a representative.

67. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

68. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

69. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

Date: April 9, 2021                                Respectfully submitted,

                                                        **JOHN A. KNOX**

                                                        By: */s/ Mohammed O. Badwan*

                                                        Mohammed O. Badwan, Esq.
                                                        *Counsel for Plaintiff*
                                                        Sulaiman Law Group, Ltd
                                                       2500 S Highland Ave, Suite 200
                                                       Lombard, IL 60148
                                                       Telephone: (630) 575-8180
                                                       mbadwan@sulaimanlaw.com