UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN A. KNOX,  )
Individually, and on behalf of all others  )
Similarly situated,  )
  )
      Plaintiff  )
  )
vs.  )    CASE NO. 1:21-cv-00885-SEB-MJD
  )
GLA COLLECTION COMPANY, INC.,  )
  )
      Defendant  )

# CASE MANAGEMENT PLAN

**I.**    **Parties and Representatives**

    A.    Plaintiff: John A. Knox

         Plaintiff's Counsel:
         Mohammed O. Badwan
         Sulaiman Law Office
         2500 South Highland Ave, Suite 200
         Lombard, IL 60148
         mbadwan@sulaimanlaw.com
         *Counsel for Plaintiff*

    B.    Defendant: GLA Collection Company, Inc. ("GLA")

         Defendant GLA's Counsel:
         William E. Smith, III
         wsmith@k-glaw.com
         KIGHTLINGER & GRAY LLP
         Bonterra Building, Suite 200
         3620 Blackiston Boulevard
         New Albany, IN 47150
         Phone: (812) 949-2300
         Fax: (812) 949-8556

    Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

    A.    The parties agree that this Court has jurisdiction pursuant to Chapter 41 of the Consumer Credit Protection Credit Act of Title 15 (Commerce and Trade) of the United States Code, specifically 15 U.S.C. § 1692 et seq, commonly known as the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), and 47 U.S.C. § 227, et seq, commonly known as the Telephone Communication Practices Act (hereinafter referred to as the "TCPA").

    B.    **Summary of Plaintiff's Allegations**: Plaintiff alleges that Defendant violated the TCPA and FDCPA by placing harassing collection calls to Plaintiff's cellular phone using an artificial or prerecorded voice without Plaintiff's consent. Plaintiff also brings class claims under the TCPA. The class is defined as:

        All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

    C.    **Summary of GLA's Response:** GLA states that it did not violate the FDCPA and/or the TCPA, and that it properly complied with requirements of the FDCPA and TCPA.

III. **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **September 23, 2021**.

    B.    Plaintiffs shall file preliminary witness and exhibit lists on or before **September 30, 2021**.

    C.    Defendant shall file preliminary witness and exhibit lists on or before **October 7, 2021**.

    D.    All motions for leave to amend the pleadings and/or to join additional Parties shall be filed on or before **November 12, 2021**.

    E.    Plaintiffs shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **September 30, 2021**. Defendant shall serve on the Plaintiffs (but not file with the Court) a response thereto **within 21 days after receipt of the proposal**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 22, 2022**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 6, 2022**.

G. Omitted.

H. Any Party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 1, 2023**. Any Party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **June 6, 2022**. This list should reflect the specific potential witnesses the Party may call at trial. It is not sufficient for a Party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any Party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in either .pdf or its native format. If a receiving party determines in good faith that it is unable to adequately review any ESI produced in .pdf format, the party may request the production of the ESI in its native format, in which event the ESI will then be produced in its native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV. Discovery[1] and Dispositive Motions**

    A.    Plaintiff does not anticipate on filing a dispositive motion as issues of fact will likely preclude summary adjudication of Plaintiff's claims.

           Defendant states that they have not completed their investigation of this matter to determine the appropriateness of a dispositive motion, however Defendant reserves the right to file such a motion.

    B.    On or before **August 12, 2022**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the Parties with the burden of proof shall file a statement of the claims or defenses they intend to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

    C.    Dispositive motions are expected and shall be filed by **September 6, 2022**; all discovery shall be completed by **August 5, 2022**.

    D.    Any motion for class or conditional certification shall be filed by **November 15, 2021**; any response to a motion for class or conditional certification shall be filed by **December 6, 2021**; and any reply in support of a motion for class or conditional certification shall be filed by **December 13, 2021**.

           <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a Party in a single motion.</u>

           If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

**V.    Pre-Trial/Settlement Conferences**

At any time, any Party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The Parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The Parties recommend a settlement conference on March 19, 2022.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

## VI. Trial Date

This matter will be ready for trial in or after **June, 2023**. The trial is by **jury** and is anticipated to take **2 days (5 days if a class is certified)**.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all Parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The Parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all Parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the Parties shall:**

   1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a Party's final witness list filed pursuant to Section III.I.

   2. Number in sequential order all exhibits, including graphs, charts, and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

   3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

   4. A Party who intends to offer any depositions into evidence during the Party's case in chief shall prepare and file with the Court and copy to all opposing Parties either:

      a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question-and-answer format, this is strongly encouraged.); or

      b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other Parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the Parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the Parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a Party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a Party intends to offer additional portions at trial in response to the opponent's designation, and the Parties desire a ruling on the objection prior to trial, the Party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and *voir dire* questions submitted by the opposing Parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IT IS SO STIPULATED.**

DATED: August 31, 2021.

| **Sulaiman Law Office** | **KIGHTLINGER & GRAY LLP** |
|---|---|
| /s/ *Mohammed O. Badwan*<br>Mohammed O. Badwan<br>2500 South Highland Ave, Suite 200<br>Lombard, IL 60148<br>mbadwan@sulaimanlaw.com<br>*Counsel for Plaintiff* | /s/ William E. Smith, III<br>William E. Smith, III, Esq.<br>Email: wsmith@k-glaw.com<br>Bonterra Building, Suite 200<br>3620 Blackiston Boulevard<br>New Albany, IN 47150<br>Phone: (812) 949-2300<br>Fax: (812) 949-8556<br>*Counsel for Defendant*<br>*GLA COLLECTION COMPANY, INC.* |

***************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____, FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____ ; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( ) _____ ; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT ( ) _____ ; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **September 6, 2022**; all discovery shall be completed by **August 5, 2022**. |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of  the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Dated:  2 SEP 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.